UNITED STATES of America,
Appellee,

v.

Gregory BELLA, Defendant—Appellant.

No. 02–1432.

United States Court of Appeals,
Second Circuit.

Jan. 30, 2003.

James M. Miskiewicz, Assistant United States Attorney, Eastern District of New York (Cecil C. Scott, Assistant United States Attorney, on the brief) for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, for Appellee.

Andrew C. Karpf, Bark & Karpf, Brooklyn, NY, for Defendant—Appellant.

Present: NEWMAN, KATZMANN, and RAGGI, Circuit Judges.

*SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 30th day of January, two thousand and three.

UPON DUE CONSIDERATION of this appeal from the United States District Court for the Eastern District of New York (Platt, *J.*), it is hereby

ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Bella appeals from a judgment entered on July 16, 2002 by the United States District Court for the Eastern District of New York (Platt, *J.*), convicting him, upon his plea of guilty, of illegally purchasing prescription drugs in violation of 21 U.S.C. §§ 333(b)(1)(B) and 353(c)(1) and of paying Medicare kickbacks in violation of 42 U.S.C. § 1320a–7b(b)(2)(B). He was sentenced on July 12, 2002 to a five-year term of probation, including travel restrictions, a $10,000 fine, and a mandatory $200 special assessment.

Mr. Bella raises three arguments on appeal: (1) that the government's refusal to file a motion pursuant to United States Sentencing Guideline § 5K1.1 and 18 U.S.C. § 3553(e) ("5K1.1 motion") violated his due process rights; (2) that his case should be remanded to the District Court to determine whether the government acted in bad faith in failing to file the 5K1.1 motion; and (3) that plain error review applies to this appeal in view of defense counsel's failure to object at sentencing to the government's refusal to file the 5K1.1 motion.

The government maintains, however, that it sent to the District Judge a letter, dated July 11, 2002, detailing Mr. Bella's

cooperation. The defendant acknowledges that he received a copy of this letter. Moreover, at sentencing, defense counsel discussed the contents of the government's letter in great detail, identifying it as "a 5K1.1 letter." The sentencing transcript includes these comments of defense counsel:

> [T]he government has provided the Court with a 5K1.1 letter. Mr. Bella has cooperated extensively with the government. There's a recommendation, with the Court's discretion, that the Court go under the guidelines, below the guidelines which are in this case low as it is.
>
> I just want to point out a couple [of] criteria, Judge, and point out that the defendant meets all the criteria for the Court in its discretion to go below the guidelines.
>
> The first criteria is the significant [sic] and usefulness of the defendant's assistance to the government. I point out that the last paragraph of the government's letter, "Bella's cooperation in this matter was absolutely essential to the arrest and successful prosecution of four others."
>
> The second criteria is the truthfulness and reliability [sic]. That goes without saying because four people were prosecuted successfully, Judge.
>
> Number 3, the nature and extent of his help.
>
> The third paragraph on the second page, Judge, shows that Mr. Bella wore a wire; there were consensual tapings and that is an essential step for a cooperator to take, because the paragraph in criteria number 4, the risk of injury, there certainly is a risk when someone wears a wire.

Now the person who was the object of this wire could do nothing or could do something great. Mr. Bella didn't know what could happen but it could be anything in there and it's a psychological problem that goes on with those types of things when you wear a wire and; 5, the timeliness of his assistance.

The last paragraph of the first page the government points out upon his arrest, Bella immediately cooperated and he did. As soon as he was arrested he realized the gravity of his mistake and stupidity and wanted to help. For the last four years he has been honest and ready to help. I ask the Court to take these matters into consideration and consider sentencing the defendant and to depart from the guidelines.

Even if plain error review applies to defendant's claims on appeal, those claims lack merit. From the sentencing colloquy it is clear that the District Court was made aware of the contents of the government's letter and fully understood the extent of the defendant's cooperation. There is no basis for a claim that the government violated defendant's due process rights or acted in bad faith. We have considered all of defendant's other arguments and find them to be without merit.

The judgment of the District Court is AFFIRMED.